**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SOUTHERN POVERTY LAW CENTER,**<br>400 Washington Ave.<br>Montgomery, AL 36104<br><br>*Plaintiff,*<br>v.<br><br>**OFFICE OF THE INSPECTOR GENERAL,**<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530-0001<br><br>*Defendant.* | **Case No.**<br><br>**COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

Plaintiff, the Southern Poverty Law Center ("SPLC"), submitted a Freedom of Information Act ("FOIA") request to Defendant Office of the Inspector General ("Defendant" or "OIG") on April 8, 2026, for records concerning an investigation into a use of force incident at Federal Correctional Institution ("FCI") Coleman Low. Defendant has failed to make a determination on the FOIA request and failed to disclose the requested documents within the time prescribed by FOIA. Therefore, Plaintiff now files this action for injunctive and other appropriate relief under the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i).
2. Plaintiff's request for declaratory and other relief is properly subject to this Court's subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202.
3. Venue is proper within this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C.§§ 1391(b)(1), (b)(2), and (e)(1).

4. Plaintiff has constructively exhausted all administrative remedies in connection with its FOIA request.

## PARTIES

5. Plaintiff SPLC is a non-profit organization dedicated to racial justice in the South and beyond, working in partnership with communities to dismantle white supremacy, strengthen intersectional movements, and advance the human rights of all people.
6. Defendant OIG is a component of the U.S. Department of Justice and an agency within the meaning of 5 U.S.C. § 551(1). OIG has possession, custody, and control of records responsive to Plaintiff's FOIA requests. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA.

## STATEMENT OF FACTS

### The August 28, 2025 Use of Force Incident at FCI Coleman Low

7. On information and belief, on August 28, 2025, Federal Bureau of Prisons ("BOP") Officer Onel Pagan forcefully pushed Ervin Allen through a window at FCI Coleman Low, shattering the glass.
8. The broken glass tore through Mr. Allen's arms, causing arterial lacerations to both forearms and borderline hemorrhagic shock.
9. BOP staff medevacked Mr. Allen to Ocala Hospital, where he underwent emergency surgery, including a blood transfusion.
10. On information and belief, OIG investigated the incident, including by interviewing dozens of incarcerated witnesses, and generated records responsive to Plaintiff's request, including investigative reports, interview notes or transcripts, memoranda, and correspondence.

### SPLC's FOIA Request

11. On April 8, 2026, Plaintiff submitted a FOIA request ("Request" or "FOIA Request") to OIG seeking records related to its investigation of the use-of-force incident involving Ervin Allen at FCI Coleman Low on August 28, 2025. The FOIA Request is attached as Exhibit A.

12. On April 10, 2026, OIG provided a preliminary response to SPLC's Request, assigned it request number 26-OIG-224, and stated that it "may require additional time to process [SPLC's] request as we are experiencing a significant FOIA backlog." OIG's confirmation email and attached acknowledgment letter are attached as composite Exhibit B.

13. As of the date of this filing, OIG has not made a determination on Plaintiff's Request or produced responsive records.

14. Under FOIA, an agency is required to make an initial "determination" of a request within twenty business days of its receipt. *See* 5 U.S.C. § 552(a)(6)(A)(i).

15. If "unusual circumstances," as defined by statute, exist, an agency may extend the time to make its determination by no more than ten working days. *See* 5 U.S.C. § 552(a)(6)(B)(i).

16. A requester is deemed to have exhausted administrative remedies if the agency fails to comply with the applicable statutory time limits. *See* 5 U.S.C. § 552(a)(6)(C)(i).

17. OIG has failed to produce responsive agency records to Plaintiff, and the statutory period for an agency response has expired.

## CLAIMS FOR RELIEF

### COUNT ONE
### Violation of the Freedom of Information Act, 5 U.S.C. § 552 for Failure to Respond Within the Time Required

18. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-17 as if fully set forth herein.

19. The FOIA requires an agency to accept and process any request for access to agency records that (a) "reasonably describes such records," and (b) "is made in accordance with published rules stating the time, place, fees, . . . and procedures to be followed[.]" 5 U.S.C. § 552(a)(3)(A).

20. Under the FOIA, Defendant was required to respond to Plaintiff's FOIA request and to notify Plaintiff of the agency's determination within thirty working days after receiving the request. 5 U.S.C. § 552(a)(6)(A), (6)(B).

21. SPLC's April 8, 2026 FOIA request seeks access to agency records maintained by OIG, reasonably describes the records sought, and otherwise complies with applicable FOIA regulations.

22. OIG has failed to issue a final determination on or produce records responsive to SPLC's FOIA request within the applicable time limits.

23. As such, SPLC has exhausted its administrative remedies. *See* 5 U.S.C. § 552(a)(6)(A).

24. Defendant's failure to make the requisite determination and to communicate it to the Plaintiff within the time allowed by the statute violates the FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

**COUNT TWO**
**Violation of the Freedom of Information Act, 5 U.S.C. § 552**
**for Failure to Conduct an Adequate Search**

25. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-17 as if fully set forth herein.

26. SPLC properly requested records within OIG's possession, custody, and control.

27. The Defendant failed to conduct a search for responsive records.

28. Because Defendant failed to conduct a search, it has failed to disclose any segregable, non-exempt portion of responsive records. *See* 5 U.S.C. § 552(b).

29. Defendant has violated its obligation under the FOIA by failing to make a reasonable effort to search for records responsive to Plaintiff's request. 5 U.S.C. § 552(a)(3)(C).

**COUNT THREE**
**Violation of the Freedom of Information Act, 5 U.S.C. § 552;**
**Wrongful Withholding of Records**

30. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-17 as if fully set forth herein.

31. Defendant is wrongly withholding agency records by failing to produce non-exempt records responsive to Plaintiff's FOIA request and by failing to segregate and produce non-exempt records responsive to Plaintiff's FOIA request.

32. Defendant is obligated under 5 U.S.C. § 552(a)(3)(A) to promptly produce records responsive to the Plaintiff's FOIA request.

33. Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendant's failure to disclose them.

34. Defendant's failure to disclose all responsive records violates their statutory obligations to make requested records promptly available to the public. 5 U.S.C. § 552(a).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

35. Assume jurisdiction in this matter and maintain jurisdiction until Defendant complies with FOIA and every order of this Court;

36. Declare that Defendant's failure to make a timely determination with regard to Plaintiff's Request violates FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i) and (B);

37. Order Defendant to expeditiously conduct an adequate search for all records responsive to Plaintiff's FOIA Request in accordance with 5 U.S.C. § 552(a)(3)(C);
38. Declare that Defendant's failure to promptly disclose the records responsive to Plaintiff's Request violates FOIA, 5 U.S.C. § 552(a)(3)(A);
39. Order Defendant to produce, within 20 days of the Court's order, or by such other date as the Court deems appropriate, all non-exempt records responsive to the FOIA Request, all reasonably segregable records responsive to the FOIA Request, and indices justifying the withholding of any responsive records withheld under any claim of exemption;
40. Award Plaintiff attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and
41. Grant such other relief as the Court may deem just, equitable, and appropriate.

DATED: September 23, 2026

Respectfully submitted,

/s/*Arusha Gordon*
Arusha Gordon
D.C. Bar No. 1035129
SOUTHERN POVERTY LAW CENTER
1101 17th Street, NW, Suite 550
Washington, D.C. 20036
arusha.gordon@splcenter.org
(t): (301) 233-1349

Krista Dolan*
Fla. Bar No. 1012147
SOUTHERN POVERTY LAW CENTER
P.O. Box 10788
Tallahassee, FL 32302-2788
(t): (850) 408-4840
krista.dolan@splcenter.org

*Attorneys for Plaintiff*
**Motion for pro hac vice admission pending*